UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA ALBINO TITO, | Case No.  26-cv-02178-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| MARKWAYNE MULLIN, et al., | Re: Dkt. No. 11 |
| Defendants. | |

Before the Court is Petitioner-Plaintiff's request for a preliminary injunction enjoining Defendants from increasing supervision and detaining Petitioner-Plaintiff at their upcoming check-in with ICE.  She is scheduled to appear at the ICE facility on Sansome Street for check-ins, on June 5 of this year. For the reasons stated below, the Court **GRANTS** Petitioner-Plaintiff's preliminary injunction request.

For purposes of this Order, Court assumes the parties' familiarity with the factual background and claims articulated in the parties' filings and in the Court's order granting Petitioner-Plaintiff's temporary restraining order application at ECF 11.

I.   **LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  And "a TRO 'should be restricted to . . . preserving the status quo and

United States District Court
Northern District of California

United States District Court
Northern District of California

preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## II.   DISCUSSION

The government renews its argument that Petitioner-Plaintiff's lacks Article III standing by presenting premature claims. ECF 14 at 3. Petitioner-Plaintiff similarly renews their argument that Petitioner-Plaintiff's fear of detention is concrete and imminent. ECF 16 at 9.

First, the government does not present any facts or arguments in response to the Court's order to show cause which warrant reversal of the Court's finding that Petitioner-Plaintiff's conditional parole status confers custodial status for purposes of their habeas petition. *See* ECF 11 at 7.

Next, again, courts in this circuit have found that the government may be enjoined from re-detaining a petitioner prior to their actual detention where the petitioner presents sufficient facts to show that their threat of re-detention is more than hypothetical. *Cortez Morales v. Albarran et al*, No. 4:25-cv-09241, 2025 WL 3013787 (N.D. Cal. Oct. 28, 2025); *See Diaz v. Kaiser*, Dkt. No. 35, No. 25-cv-05071 (N.D. Cal. Sep. 16, 2025); *HIREN JAGDISH PATEL, Plaintiff, v. POLLY KAISER, et al., Defendants. Additional Party Names: Immigr. & Customs Enf't, U.S. Dep't of Homeland Sec.*, No. 25-cv-07667, 2025 WL 4110423, (N.D. Cal. Oct. 9, 2025); *Carballo v.*

2

*Semaia*, No. 5:25-cv-03176, 2026 WL 381608, at *5 (C.D. Cal. Feb. 10, 2026) (finding preliminary injunctive relief to "to prospectively enjoin [plaintiff's] re-detention" . . . "presents a live controversy" where plaintiff presented "sufficient facts to show the immediate threat of re-detention.").

The government draws the Court's attention to two cases which, the government argues, prevent the Court from granting Petitioner-Plaintiff injunctive relief: *Sepulveda v. Bondi*, No. 26-cv-573, 2026 WL 353356, at *1 (S.D. Cal. Feb. 9, 2026) and *Zarate Mendes v. Noem et al*, No. 26-cv-01034, ECF 14 (N.D. Cal. Feb. 27, 2026)

In *Sepulveda*, the Plaintiff sought prospective injunctive relief precluding ICE from detaining Plaintiff at his upcoming adjustment-of-status interview. 2026 WL 353356, at *1.  The factual basis for Plaintiff's anticipatory harm were (1) statements by two attorneys whose clients were arrested at their adjustment-of-status interviews months earlier and (2) "news reports from November and December 2025 describing ICE arrests of applicants at their adjustment-of-status interviews." *Id.*  "[W]ithout more, more concrete or individualized facts about the likelihood of Plaintiff's arrest and detention," the Court declined to issue an injunction.  *Id.*

In *Zarate Mendes*, the Court did not issue a written order.  No. 26-cv-01034, ECF 14. However, the minute order from proceedings on the preliminary injunction hearing reveal that the court denied the injunction.  *Id.*  In that case, the government argued that "the only basis of Plaintiff's action is news articles and attorney declarations about ICE arrests that happened predominantly in San Diego, CA, with one article about Fresno, CA, and one article about Salt Lake City, UT."  No. 26-cv-01034, ECF 12.  Apparently, those facts did not provide grounds to grant prospective relief.  No. 26-cv-01034, ECF 14.

In contrast to *Sepulveda* and *Zarate Mendes*, the threat of Petitioner-Plaintiff's future re-detention at their upcoming ICE check-in is substantiated by sufficient facts to warrant prospective relief.  *Carballo*, 2026 WL 381608, at *5.  Petitioner-Plaintiff's circumstances are more closely aligned with those presented in *He v. Lyons*, No. 3:25-cv-10639, 2026 WL 280074, at *1 (N.D. Cal. Feb. 3, 2026).  In *He*, the petitioner received a text message directing her to report to ICE in three days.  *Id.*  Petitioner's counsel attempted to contact ICE to inquire about the agency's

3

United States District Court
Northern District of California

intention to re-detain the petitioner but received no response. *Id.* The Court exercised jurisdiction over the case and granted a preliminary injunction, enjoining the government from detaining the petitioner absent prior notice and a pre-deprivation hearing. *Id.*

Here, Petitioner-Plaintiff presents more facts than the petitioner in *He* to support a finding that their claims are ripe. Petitioner-Plaintiff describes receiving a similar message to suddenly report from ISAP to report for a check-in outside of their ordinary check-in days (Mondays). ECF 2 at 3. This Court has previously found grounds for prospective injunctive relief where similarly situated noncitizens have received this type of reporting message prior to incarceration or reincarceration without a due process hearing. *See Diaz v. Kaiser*, No. 25-cv-05071, ECF 4 at 2–3, (N.D. Cal. Sep. 16, 2025). Petitioner-Plaintiff was specifically informed that supervision was being "escalated," without being given an explanation why. ECF 10 at 2. Petitioner-Plaintiff fears that the increased supervision is the result of technical difficulties they had with the SmartLink App in the latter half of the month of February 2026. ECF 2 at 3. Petitioner-Plaintiff's concerns are also more concrete than the petitioner's in *He* because when Petitioner-Plaintiff's counsel asked the government whether ICE intended to detain them at their upcoming check-in, the government stated that it could not guarantee that Petitioner-Plaintiff would not be detained. ECF18. Petitioner-Plaintiff provides more facts than those presented by the petitioners in *Zarate Mendes*, *Sepulveda*, and *He* to support their fear of re-detention. Petitioner-Plaintiff's awareness of the stories of noncitizens being detained without a pre-deprivation hearing, and general awareness of DHS's practices, are supplemental to the specific facts which give Petitioner-Plaintiff grounds for a particularized concern. Finally, regarding the provisionally certified class in *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 3691938, at *8 (N.D. Cal. Dec. 19, 2025), the government conceded that Petitioner-Plaintiff would likely be included in the class.

Petitioner-Plaintiff's fear of future re-detention is concrete and based on the specific facts presented by Petitioner-Plaintiff. Accordingly, their claims are ripe. As no new facts have been presented which might alter the Court's analysis of the *Winter* factors, the Court reincorporates those findings from its March 13, 2026 Order.

**III.    CONCLUSION**

For the foregoing reasons, the **GRANTS** Petitioner-Plaintiff's request for a preliminary injunction to preserve the status quo.  If the government seeks to re-detain Petitioner-Plaintiff, it must provide no less than seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that her physical custody is required.  This Order shall remain in effect until further order of the Court.

The parties shall meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment.

IT IS SO ORDERED.

Dated: April 3, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5