United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARINA ALBINO TITO,
Plaintiff,

v.

MARKWAYNE MULLIN, et al.,
Defendants.

Case No. 26-cv-02178-TLT

**ORDER GRANTING HABEAS PETITION**

Re: Dkt. No. 1

On March 12, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he was detained without a notice or hearing in violation of his Due Process rights under the Fifth Amendment. ECF 1. On the same day, Petitioner sought preliminary injunctive relief requesting his release from detention, an order enjoining the government from re-arresting Petitioner until he is afforded a hearing before a neutral decisionmaker, and prohibiting the government from transferring Petitioner out of the United States before his requested hearing. ECF 2. The Court granted Petitioner's TRO on March 13, 2026. ECF 11. The TRO was extended on March 26, 2026. ECF 20. On April 3, 2026, the Court granted Petitioner's request for a preliminary injunction. ECF 21.

Now, Petitioner asks the Court to grant Petitioner's habeas petition. ECF 25. Both parties acknowledge that the arguments are the same, and the law has not changed since the Court's ruling on the preliminary injunction motion. ECF 24 at 3 ("Respondents acknowledge that the reasoning in this Court's earlier decision in this case would control the result here if the Court adheres to that decision."); *see also* ECF 25 ("Court can decide the petition for writ of habeas corpus without further merits briefing."). Because the facts, and the law remain unchanged, the Court does not deviate from its previous ruling.

While Petitioner's detention may be warranted for a 90-day period in the event Petitioner

becomes subject to a final removal order, such a circumstance is not presently before the Court. *See* 8 U.S.C. § 1231(a)(2)(A). Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must show by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *Jaraba Oliveros v. Kaiser*, No. 25-cv-07117, 2026 WL 1162724, at *6 (N.D. Cal. Apr. 29, 2026).

The Court orders that the Petition be **GRANTED.** Respondents, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, are hereby **ENJOINED** and **RESTRAINED** from re-arresting and re-detaining Petitioner or removing Petitioner from the United States without notice and a pre-deprivation hearing before a neutral decisionmaker.

If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that her physical custody is required.

This Order resolves ECF 1.

The Clerk of Court shall terminate this case.

IT IS SO ORDERED.

Dated: August 18, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California